IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16cv236

| | |
|---|---|
| CARY BRIAN SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND** |
| NANCY A. BERRYHILL, Acting ) | **RECOMMENDATION** |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for disability benefits. This case is now before the Court on the parties' Motions for Summary Judgment. Upon a review of the record, the parties' briefs, and the relevant legal authority, the Court **RECOMMENDS** that the District Court **DENY** the Motion for Summary Judgment [# 11], **GRANT** the Motion for Summary Judgement [# 13], and **AFFIRM** the decision of the Commissioner.

I.  **Procedural History**

Plaintiff filed an application for disability insurance benefits and for supplemental security income on January 9, 2014. (Transcript of Administrative

Record ("T.") 224-239.) The application had a protective filing date of December 10, 2013. (T. 18, 89.) Plaintiff alleged an onset date of December 31, 2005. (T. 224, 231.) The Social Security Administration denied Plaintiff's claims. (T. 139-46.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 149-68.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 54-88.) The ALJ then issued a decision finding that Plaintiff was not disabled from December 31, 2005, through the date of the decision. (T. 18-48.) Plaintiff requested review of the ALJ's decision. (T. 14.) The Appeals Council denied Plaintiff's request for review. (T. 4-6.) Plaintiff then brought this action seeking review of the Commissioner's decision.

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence:

(1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits his ability to perform basic work-related functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his past relevant work; (5) whether the claimant is able to perform any other work considering his age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520.

At the first two steps, the burden is on the claimant to make the requisite showing. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If a claimant fails to satisfy his or her burden at either of these first two steps, the ALJ will determine that the claimant is not disabled and the process comes to an end. Mascio v. Colvin, 780 F.3d 632, 634-35 (4th Cir. 2015). The burden remains on the claimant at step three to demonstrate that the claimant's impairments satisfy a listed impairment and, thereby, establish disability. Monroe, 826 F.3d at 179.

If the claimant fails to satisfy his or her burden at step three, however, then the ALJ must still determine the claimant's residual functional capacity ("RFC"). Mascio, 780 F.3d at 635. After determining the claimant's RFC, the ALJ proceeds to step four in order to determine whether claimant can perform his or her past

-3-

relevant work.  Id.  The burden is on the claimant to demonstrate that he or she is unable to perform past work.  Monroe, 826 F.3d at 180.  If the ALJ determines that a claimant is not cable of performing past work, then the ALJ proceeds to step five.  Mascio, 780 F.3d at 635.

At step five, the ALJ must determine whether the claimant can perform other work.  Id.  The burden rest with the Commissioner at step five to prove by a preponderance of the evidence that the claimant is capable of performing other work that exists in significant numbers in the national economy, taking into account the claimant's RFC, age, education, and work experience.  Id.; Monroe, 826 F.3d at 180.  Typically, the Commissioner satisfies her burden at step five through the use of the testimony of a vocational expert, who offers testimony in response to a hypothetical from the ALJ that incorporates the claimant's limitations.  Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180.   If the Commissioner satisfies her burden at step five, then the ALJ will find that a claimant is not disabled and deny the application for disability benefits.  Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180.

**III.    The ALJ's Decision**

In the November 24, 2015, decision the ALJ found that Plaintiff was not disabled under Sections 216(i) and 233(d) of the Social Security Act.  (T. 48.)  The

ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through December 31, 2009.

(2) The claimant has not engaged in substantial gainful activity since December 31, 2005, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

(3) The claimant has the following combination of severe impairments: degenerative joint disease of the shoulders, epilepsy (seizure disorder), and depression (20 CFR 404.1520(c) and 416.920(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

(5) After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant could occasionally push and pull with the upper extremities (bilaterally). He can never climb ladders, ropes, or scaffolds, but can occasionally climb ramps/stairs, balance, and crawl. He can frequently stoop, kneel, and crouch. He can occasionally reach with the right upper extremity, but can frequently reach with the left upper extremity. The claimant must avoid concentrated exposure to workplace hazards, such as use of moving machinery and unprotected heights. The claimant is limited to simple, routine tasks.

(6) The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

(7) The claimant was born on October 6, 1970 and was 35 years old, which is defined as a younger individual age 18-49, on the

alleged disability onset date (20 CFR 404.1563 and 416.963).

(8) The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

(9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

(10) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

(11) The claimant has not been under a disability, as defined in the Social Security Act, from December 31, 2005, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(T. 20-48.)

### IV. Standard of Review

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76

F.3d 585, 589 (4th Cir. 1996); see also Monroe, 826 F.3d at 186. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig, 76 F.3d at 589 (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

V.     Analysis[1]

**A. The Plaintiff's Motion for Summary Judgment**

Plaintiff sets out two specific assignments of error in the Motion for Summary Judgment. First, Plaintiff contends that the ALJ and the Appeals Council erred in addressing the non-exertional impairments of Plaintiff. Second, Plaintiff contends that the ALJ erred in evaluating of the testimony of the vocational expert. Plaintiff's actual legal argument, however, presents a sprawling

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

mess of numerous alleged errors, often set forth with no citation to legal authority. As this Court has warned members of the social security bar over and over again, this Court will only consider those legal arguments properly set forth in a separate assignment of error.  See e.g. Woods v. Colvin, 1:16cv58, 2017 WL 1196467, at *6 n.2 (W.D.N.C. Feb. 8, 2017) (Howell, Mag. J.) (collecting cases); Armstrong v. Colvin, 5:15cv110, 2016 WL 7200058, at *6 n.2 (W.D.N.C. Sept. 2, 2016) (Howell, Mag. J.) ("The Court notes that Plaintiff does not challenge the RFC determination of the ALJ in a separate assignment of error supported by legal authority, as required by this Court.").  It is not the role of this Court to recraft a legal argument submitted by counsel and make counsel's legal argument for him or her; this Court's role is to rule on the specific legal arguments presented by counsel.  And as this Court has repeatedly explained, each alleged error must be set forth in a separate section with supporting legal authority and citations to the record.  Accordingly, this Court has only considered the two arguments properly presented to this Court.

### B. The Non-Exertional Impairment

Plaintiff contends that the ALJ erred in failing, to take into account the findings of Melissa Williams, a licensed social worker with Meridian Behavior Health Services.  Specifically, Plaintiff contends that the ALJ erred by disregarding

-8-

Case 1:16-cv-00236-MOC-DLH   Document 15   Filed 06/12/17   Page 8 of 12

the March 11, 2015, diagnosis of psychotic disorder by Ms. Williams and not recognizing psychotic disorder as an impairment. (T. 501.) As the Commissioner correctly points out, however, a licensed social worker is not an acceptable medical source that can establish whether a claimant has a medical determinable impairment. 20 C.F.R. § 404.1513; see also Lane v. Astrue, No. 2:11cv6, 2012 WL 1032705, at *5 (W.D.N.C. Mar. 9, 2012) (Howell, Mag. J.) ("In fact, a licenses clinical social worker is not even an acceptable medical source who can provide evidence to establish an impairment."). Here, the ALJ conducted an exhaustive review of the medical records and determined that the evidence in the record did not support a finding that Plaintiff had a psychotic disorder as a severe impairment but, rather, depression. The ALJ then took into account Plaintiff's depression in crafting the RFC. In short, the ALJ did not err in not recognizing psychotic disorder as a severe impairment. To the extent that Plaintiff weaves various other arguments into this assignment of error, the Court has disregarded such arguments.[2]

### C. The Vocational Expert

At step five of the sequential evaluation process, the Commissioner bears the

---

2 The Court notes, however, that even if it were to consider the numerous additional arguments that Plaintiff weaves throughout the two assignments of error, the result would not change because each of the additional arguments fail for the reasons set forth by the Commissioner in her Motion for Summary Judgment.

burden of demonstrating that Plaintiff can perform other work that exists in the national economy. Hines, 453 F.3d at 567. "The purpose of bringing in a vocational expert is to assist the ALJ in determining whether there is work available in the national economy which [a] particular claimant can perform." Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). Not only must the opinion of the vocational expert be based on all the evidence in the record, but "it must be in response to proper hypothetical questions which fairly set out all the claimant's impairments." Id.; Hines, 453 F.3d at 566; Riley v. Chater, 57 F. App'x 1067 (4th Cir. 1995) (unpublished).

Plaintiff contends that the ALJ erred by asking an improper hypothetical to the vocational expert ("VE") that failed to specify Plaintiff's functional incapacities. Upon a review of the record, the Court finds that the second hypothetical question the ALJ asked the VE in this case properly set forth each of the limitations the ALJ set forth in the RFC. (T. 26, 83-84.) The second hypothetical posed by the ALJ accurately reflected the ALJ's RFC determination. (T. 26, 83-84.) Because the ALJ asked the VE a hypothetical question that fairly set out each of the claimant's impairments as contained in the ALJ's RFC determination, the ALJ did not ask an improper hypothetical. See Walker, 889 F.2d at 50; Hines, 453 F.3d at 566. To the extent that Plaintiff attempts to weave

various other assignments of error into the legal argument, the Court has disregarded these arguments. Because the ALJ did not err in the hypothetical to the vocational expert, the Court **RECOMMENDS** that the District Court **AFFIRM** the decision of the Commissioner.

### VI. Conclusion

The Court **RECOMMENDS** that the District Court **DENY** the Motion for Summary Judgment [# 11], **GRANT** the Motion for Summary Judgement [# 13], and **AFFIRM** the decision of the Commissioner.

Signed: June 11, 2017

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).