UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:16-cv-00236-MOC-DLH

| | | |
|---|---|---|
| **CARY BRIAN SANDERS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **NANCY A. BERRYHILL,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation (M&R) issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed.

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review

1

at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

In this matter, plaintiff has filed objections to the Memorandum and Recommendation. Plaintiff's argument repackages his memorandum of law filed in support of the Motion for Summary Judgment (#12). Plaintiff neither quotes, paraphrases, nor cites any portion of the magistrate judge's M&R in his objections. Further, plaintiff does not attempt to explain why the reasoning and detailed analysis of the magistrate judge is incorrect, and instead argues that the Administrative Law Judge was following a "mechanical prototype." (#16) at 3.

In this case, the magistrate judge's memorandum provides legal analysis as to why plaintiff's assignments of error are without merit and further provides reasons why the final determination by the Commissioner is supported by substantial evidence.

The plaintiff also requests oral argument on this matter. The court may enter an Order without oral argument and motions are usually ruled upon without oral arguments. L.Cv.R. 7.1(a). Here, no unique or unusual circumstances exist, and oral argument is unnecessary as the court's decision-making process would not be aided by oral argument.

After careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation

2

Case 1:16-cv-00236-MOC-DLH   Document 18   Filed 07/19/17   Page 2 of 3

and grant relief in accordance therewith.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#15) is **AFFIRMED,** plaintiff's Objections to the Memorandum and Recommendation are **OVERRULED,** the Commissioner's Motion for Summary Judgment (#13) is **GRANTED,** the plaintiff's Motion for Summary Judgment (#11) is **DENIED,** the request for Oral Argument (#16) is **DENIED,** the final decision of the Commissioner is **AFFIRMED**, and this action is **DISMISSED**.

Signed: July 19, 2017

Max O. Cogburn Jr
United States District Judge